IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

\* \* \* \* \* \* \* \* \*

| | |
|---|---|
| IN RE: | ) |
| | ) |
| M. JULIA HOOK | ) |
| DAVID L. SMITH, | ) Civil No. 07-cv-02372 BSJ |
| | ) |
| Debtors, | ) |
| | ) (Bankr. Nos. 06-ap-01790-ABC |
| M. JULIA HOOK | ) 06-bk-15511-SBB) |
| DAVID L. SMITH, | ) |
| | ) |
| Plaintiffs/Appellants, | ) **MEMORANDUM OPINION** |
| | ) **& ORDER** |
| vs. | ) |
| | ) |
| M. MICHAEL COOKE and, | ) |
| THE COLORADO DEPARTMENT OF | ) |
| REVENUE, | ) |
| | ) |
| Defendants/Appellees. | ) |

\* \* \* \* \* \* \* \* \*

This court heard argument on the appeal in the above-captioned adversary proceeding on

June 18, 2008, and took the matter under advisement. (*See* Minute Entry, dated June 18, 2008).

Thereafter, the court entered an order deferring further action in this appeal pending a ruling by

the Tenth Circuit Bankruptcy Appellate Panel in a related matter, namely an appeal from an order

of dismissal of the Chapter 11 case in which this adversary proceeding arose. *See David Smith v.*

*Colorado Dept. of Revenue, et al.*, BAP No. CO-07-106 (10th Cir. BAP). On August 26th, the

Bankruptcy Appellate Panel issued its opinion and judgment in that matter affirming the

dismissal of the Chapter 11 case, and on September 8th, issued its mandate, which was received

by the Bankruptcy Court. (*See* Notice, filed September 8, 2008 (dkt. no. 282), in *David Smith v. Colorado Dept. of Revenue, et al. (In re M. Julia Hook, et al.)*, Case No. 06-15511 SBB (Bankr. D. Colo.).)

Having reviewed the briefs and arguments presented by the parties as well as the record on appeal, this court concludes that the Bankruptcy Court's October 17, 2007 Order Granting Motion to Dismiss, in Part, and its October 30, 2007 Order Dismissing Remaining Claims should be affirmed, as should that court's March 30, 2007 Order Granting Defendants' Motion for Protective Order, etc., its October 5, 2007 Order Denying Plaintiffs' Motion to Disqualify, and its October 9, 2007 Order Denying Plaintiffs' Motion and Supplemental Motion for Preliminary Injunction, etc.

### BACKGROUND

The debtors commenced this adversary proceeding on September 18, 2006 by filing a Complaint under 42 U.S.C. § 1983 and the Fourteenth Amendment[1] against the Executive Director of the Colorado Department of Revenue, in both her official and individual capacities,

---

[1]The debtors argue that in addition to a claim under 42 U.S.C. § 1983 , they have an alternative remedy against the same defendants under the rationale of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), arising directly from the Due Process Clause of the Fourteenth Amendment. But *Bivens* held that a federal court could award money damages for a *federal* officer's violation of a person's constitutional rights under the Fourth Amendment. Since the Executive Director is not a federal officer, or a person acting under the color of federal law, a *Bivens* remedy is not available to the debtors in this case. The Tenth Circuit takes the position that a *Bivens*-style action implied directly under the Fourteenth Amendment will not lie against state or local employees in their individual capacities where § 1983 is available, *see Stanko v. Maher*, 419 F.3d 1107, 1110 (10th Cir. 2005) ("*Bivens* creates a remedy for violations of constitutional rights committed by federal officials acting in their individual capacities. Mr. Maher is a state brand inspector. Therefore, this action arises, if at all, pursuant to 42 U.S.C. § 1983 rather than *Bivens*." ), joining other circuits that have reached the same conclusion. *See, e.g., Baxter by Baxter v. Vigo County School Corp.*, 26 F.3d 728, 732 n.3 (7th Cir. 1994); *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992), *cert. denied*, 506 U.S. 1081 (1993); *Pauk v. Board of Trustees of the City Univ. of New York*, 654 F.2d 856, 865 (2d Cir. 1981) ("when § 1983 provides a remedy, an implied cause of action grounded on the Constitution is not available."); *Turpin v. Mailet*, 591 F.2d 426, 427 (2d Cir.1979) (en banc) (per curiam), *cert. denied sub nom. Turpin v. City of West Haven*, 449 U.S. 1016 (1980).

seeking damages, declaratory and injunctive relief.[2] The Complaint alleged that on April 5,

2006, the defendant took judgment in the amount of $95,677.38 against the debtors in the

Colorado state district court, and that by doing so, the defendant deprived the debtors of liberty

and property without due process of law. The Complaint sought compensatory and punitive

damages, as well as an order declaring the state court's judgment null and void *ab initio* and

releasing tax liens that had attached to the debtors' property. In addition, the debtors filed an

objection, answer, counterclaim and jury demand in response to the State of Colorado's proof of

claim filed in the underlying Chapter 11 proceeding,[3] which was consolidated into this adversary

proceeding by order of the Bankruptcy Court on November 8, 2006.[4]

The Executive Director and the Colorado Department of Revenue filed an answer and

request for a preliminary injunction on October 11, 2006.[5] The defendants subsequently moved

---

[2](Complaint, filed September 18, 2006 (dkt. no. 2), in *M. Julia Hook, et al. v. M. Michael Cooke*, Adversary No. 1:06-ap-01790 ABC (Bankr. D. Colo.).)

[3](*See* Objection to Proof of Claim of Colorado Department of Revenue, Answer, Counterclaim and Jury Demand, filed September 27, 2006 (dkt. no. 42), in *David Smith v. Colorado Dept. of Revenue, et al. (In re M. Julia Hook, et al.)*, Case No. 06-bk-15511 SBB (Bankr. D. Colo.).) The text of this objection closely parallels that of the § 1983 claim filed in this proceeding, with the addition of a request for "an order pursuant to 11 U.S.C. § 505 determining the amount of taxes (if any) owed to the Colorado Department of Revenue." (*Id.*)

[4](Order Consolidating Objection to Proof of Claim With Adversary Proceeding, filed November 8, 2006 (dkt. no. 6), in *M. Julia Hook, et al. v. M. Michael Cooke*, Adversary No. 1:06-ap-01790 ABC (Bankr. D. Colo.).) *See* Fed. R. Bankr. P. 3007 ("If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding."). The debtors' objection also requested that the Bankruptcy Court determine their Colorado state income tax liability pursuant to 11 U.S.C. § 505(a).

[5](Colorado Department of Revenue's Answer to Adversary Complaint and Request for a Preliminary Injunction, filed October 11, 2006 (dkt. no. 5), in *M. Julia Hook, et al. v. M. Michael Cooke*, Adversary No. 1:06-ap-01790 ABC (Bankr. D. Colo.).) The Answer was the first pleading to name the Colorado Department of Revenue as a separate defendant in this proceeding, predating the consolidation of the debtors' objections, etc. to the department's proof of claim. Of course, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

-3-

to dismiss, asserting that the debtors' claims were barred by absolute quasi-judicial immunity,[6] the *Rooker-Feldman* doctrine,[7] *res judicata* and 11 U.S.C. § 505(a)(2).[8] They also asserted that the debtors failed to exhaust their administrative remedies.[9] The debtors responded (1) that the Executive Director was not immune because she acted outside of her quasi-judicial capacity in taking judgment against them; (2) that *Rooker-Feldman* is inapplicable where (a) a party has had no reasonable opportunity to raise his federal claims in the state court proceeding; (b) where the state court lacked subject matter jurisdiction; or (c) where the relief sought does not reverse or undo the judgment of the state court; and (3) that the motion raised numerous fact issues that were not appropriate for determination on a motion to dismiss.[10]

---

[6]*See Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (absolute immunity defense may be raised in Rule 12(b)(6) motion if the allegations of the complaint disclose activities protected by absolute immunity).

[7]The legal principle that has become known as the *Rooker-Feldman* doctrine recognizes that the lower federal courts have no authority to review the final judgments of state courts. As the court of appeals recently explained:

> The *Rooker-Feldman* doctrine is the product of two Supreme Court cases interpreting 28 U.S.C. § 1257(a). Section 1257(a) provides that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." The *Rooker-Feldman* doctrine is the negative inference of § 1257(a): if appellate review of state court judgments is vested in the United States Supreme Court, it follows that review is not vested in lower federal courts. Section 1257(a) thus implicitly deprives lower federal courts of subject matter jurisdiction to entertain cases that would entail review of decisions rendered by state courts.

*In re Smith*, ___ Fcd. Appx. ___, 2008 WL 2838713 No. 08-1030 (10th Cir. decided July 24, 2008) (quoting *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir.2004), *abrogated in part on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). In this circuit, *Rooker-Feldman* applies "regardlcss of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims." *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 478 (10th Cir.2002), *abrogated in part on other grounds by Exxon Mobil Corp.*, 544 U.S. 280 (2005). "[C]onsideration of whether a federal-court plaintiff lacked an opportunity to previously litigate her claims in a state-court proceeding is only relevant insofar as it informs the analysis of whether the federal-court plaintiff is a 'non-party'...." *Id.* at n. 9.

[8](Colorado Department of Revenue's Motion to Dismiss Adversary Complaint, filed February 14, 2007 (dkt. no. 33), in *M. Julia Hook, et al. v. M. Michael Cooke*, Adversary No. 1:06-ap-01790 ABC (Bankr. D. Colo.).)

[9]*(Id.)*

[10](Debtors'/Plaintiffs' Response in Opposition to Dcfcndants' Motion to Dismiss Adversary Complaint, filed March 5, 2007 (dkt. no. 37), in *M. Julia Hook, et al. v. M. Michael Cooke*, Adversary No. 1:06-ap-01790 ABC (Bankr. (continued...)

-4-

On October 17, 2007, the Bankruptcy Court granted the defendants' motion to dismiss in part, ruling that the debtors' § 1983 claims against the Executive Director were barred by the doctrine of qualified immunity, without reaching the question of absolute quasi-judicial immunity: "the Debtors have not alleged specific facts sufficient to state a claim which is plausible on its face that the conduct of the Director violated their constitutional rights."[11] This ruling left pending only the debtors' request for a determination of their Colorado state income tax liability under 11 U.S.C. § 505(a).[12] The Bankruptcy Court observed that the debtors' underlying Chapter 11 case had been dismissed on September 11, 2007, and that a motion to reconsider that dismissal was then pending. The court held the question of dismissal of the § 505(a) determination in abeyance until reconsideration of the Chapter 11 dismissal was either granted or denied.[13]

Reconsideration of the dismissal of debtors' Chapter 11 case was subsequently denied, and on October 30, 2007, the Bankruptcy Court dismissed the debtors' request for a § 505(a) determination: "In the absence of an underlying bankruptcy case, this Court can find no

---

[10](...continued)
D. Colo.).)

[11](Order Granting Motion to Dismiss, in Part, filed October 17, 2007 (dkt. no. 49), in *M. Julia Hook, et al. v. M. Michael Cooke*, Adversary No. 1:06-ap-01790 ABC (Bankr. D. Colo.) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).)

[12]At the hearing, the debtors argued that "we didn't ask for the taxes to be redetermined under 11, 505" in this proceeding. (Transcript of Hearing, dated June 18, 2008, at 15:19-20 (Mr. Smith).) But as noted above, the debtors did in fact request a § 505(a) determination of their Colorado state taxes as part of their written objection to the Colorado Department of Revenue's proof of claim—a matter which was consolidated into this adversary proceeding by court order on November 8, 2006. Thus, Judge Campbell was correct in stating that the debtors' § 505(a) request remained pending in this proceeding on October 17, 2007.

[13](*Id.*)

-5-

justification for retaining jurisdiction over Plaintiffs' claim under 11 U.S.C. § 505(a)."[14]  The debtors appealed the Bankruptcy Court's judgment of dismissal to this court.

On this appeal, the debtors assert that the procedure followed by the Colorado Department of Revenue (CDR) in assessing income taxes against them for the years 1992 through 1996 was improper because the debtors did not receive adequate notice of the assessment proceeding, which resulted in the entry of a default judgment against them in the Colorado state district court without any opportunity for them to contest its validity or amount. They contend that the Bankruptcy Court erred in dismissing their § 1983 claims against the Executive Director in her individual capacity on grounds of qualified immunity because (1) their § 1983 claim raised factual issues warranting a trial; (2) the defendants waived any claim of qualified immunity by not raising that defense in their pleadings;[15] and (3) the Executive Director had acted outside of her authority in making the final assessment and taking judgment against them, negating any claim of quasi-judicial immunity.  The also contend that the Bankruptcy Court erred in striking their various demands for a jury trial, denying them preliminary injunctive relief lifting the existing tax liens and forbidding further collection activity by the CDR; in denying them pretrial discovery before ruling on the defendants' motion to dismiss; in failing to recuse; and in dismissing the remainder of this proceeding following the dismissal of the

---

[14](Order Dismissing Remaining Claims, filed October 30, 2007 (dkt. no. 55), in *M. Julia Hook, et al. v. M. Michael Cooke*, Adversary No. 1:06-ap-01790 ABC (Bankr. D. Colo.) (citing *Pauley v. Bank One Colorado Corp.*, 205 B.R. 272, 274 (D. Colo. 1997)).)

[15]The debtors' assertion that the defendants had waived the defense of qualified immunity by not explicitly pleading it in their October 11, 2006 Answer overlooks the Tenth Circuit's case precedent on this question: "We have consistently held . . . that 'qualified immunity can be raised at any time and a district court may enter . . . judgment on that ground at any point before trial at which it is appropriate.'" *MacArthur v. San Juan County*, 495 F.3d 1157, 1162 (10th Cir. 2007) (quoting *Langley v. Adams County*, 987 F.2d 1473, 1481 n.3 (10th Cir. 1993) (internal quotation marks omitted)).

-6-

underlying Chapter 11 case.

The defendants respond (1) that the Bankruptcy Court was correct in ruling that qualified immunity bars the debtors' claims against the Executive Director for issuing a warrant for distraint in the exercise of her authority under Colo. Rev. Stat. § 39-21-114 (2007)—a warrant that the CDR used to obtain a transcript of judgment against the debtors and place liens on their real and personal property; (2) that the debtors' claims were also barred by absolute quasi-judicial immunity because the Executive Director's statutory duty to make a final determination of the debtors' tax liabilities was "functionally comparable to that of a court of law," as was her subsequent issuance of a warrant for distraint; (3) that qualified immunity was raised indirectly by defendants' assertion of absolute immunity; (4) that preliminary injunctive relief against the Executive Director was not available under § 1983 and was also properly denied by the Bankruptcy Court based upon the facts as alleged; (5) that the debtors' Complaint failed to allege conduct by the Executive Director sufficient to make a plausible claim that she violated the debtors' constitutional rights; (6) that the Bankruptcy Court lacked jurisdiction to declare the state district court judgment null and void; (7) that consistent with qualified and absolute immunity principles, the Bankruptcy Court correctly held pretrial discovery in abeyance until after the immunity question was resolved; and (8) that the Bankruptcy Court did not err in striking the debtors' jury demand because the proceedings concerning the debtors' tax liability were equitable in nature.[16]

---

[16](*See* M. Michael Cooke and the Colorado Department of Revenue's Answer Brief, filed January 2, 2008 (dkt. no. 9).)

## ANALYSIS

### Qualified Immunity

Our courts recognize two kinds of immunity defenses: absolute immunity and qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 807, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The defense of absolute immunity is available to "officials whose special functions or constitutional status requires complete protection from suit. . . ." *Id.* For instance, legislators are entitled to absolute immunity in their legislative functions and judges are entitled to absolute immunity for actions taken in their judicial capacity. *Id.* For other government officials, however, "our cases make plain that qualified immunity represents the norm." *Id.*

*McFall v. Bednar*, 407 F.3d 1081, 1086 (10th Cir. 2005).[17] "Qualified immunity is an

entitlement not to stand trial or face the other burdens of litigation. The privilege is an immunity

from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively

---

[17]As the Second Circuit has explained:

> In creating a civil cause of action for constitutional torts, 42 U.S.C. § 1983 itself recognizes no immunities. Nevertheless, the Supreme Court has concluded that Congress did not intend § 1983 to abrogate "immunities 'well grounded in history and reason.'" *Imbler v. Pachtman*, 424 U.S. 409, 418, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (quoting Tenney v. Brandhove, 341 U.S. 367, 376, 71 S.Ct. 783, 95 L.Ed. 1019 (1951)). Such immunities are of two types: absolute and qualified. Buckley v. Fitzsimmons, 509 U.S. 259, 268, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). Absolute immunity is reserved for officials who perform "special functions" and deserve absolute protection from damages liability.
> . . . .
> In applying this "functional approach" to claims of absolute immunity, courts focus on "the nature of the function performed, not the identity of the actor who performed it." Buckley v. Fitzsimmons, 509 U.S. at 269, 113 S.Ct. 2606 (citations omitted); see Kalina v. Fletcher, 522 U.S. 118, 127, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997). While it is the party claiming absolute immunity who "bears the burden" of establishing its applicability, Butz v. Economou, 438 U.S. 478, 506, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), accord Doe v. Phillips, 81 F.3d 1204, 1209 (2d Cir.1996) (holding that prosecutors must show that they were acting as advocates when they engaged in challenged function), once a court determines that challenged conduct involves a function covered by absolute immunity, the actor is shielded from liability for damages regardless of the wrongfulness of his motive or the degree of injury eaused, see Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985).

*Bernard v. County of Suffolk*, 356 F.3d 495, 502, 503 (2d Cir. 2004). "The state official claiming absolute immunity has the burden of showing why absolute immunity should apply instead of the more common qualified immunity." *Perez v. Ellington*, 421 F.3d 1128, 1133 (10th Cir. 2005) (citing *Forrester v. White*, 484 U.S. 219, 224 (1988)). "The more distant a function is from the judicial process, the less likely absolute immunity will attach." *Snell v. Tunnell*, 920 F.2d 673, 687 (10th Cir. 1990).

lost if a case is erroneously permitted to go to trial." *Saucier v. Katz*, 533 U.S. 194, 200-01

(2001) (internal citations and quotation marks omitted).[18]

Qualified immunity raises an issue of law, and the Bankruptcy Court's legal rulings are

reviewed *de novo* on appeal.[19]

The Supreme Court has emphasized that qualified immunity should be addressed as early

as possible in litigation, *Hunter v. Bryant*, 502 U.S. 224, 227 (1991), and has articulated a

two-part test to determine its applicability: "The threshold inquiry a court must undertake in a

---

[18]The qualified immunity defense

> attempts to strike a balance between "the importance of a damages remedy to protect the rights of
> citizens, [and] 'the need to protect officials who are required to exercise their discretion and the related
> public interest in encouraging the vigorous exercise of official authority.'" *Id.* (internal citations
> omitted). Without the qualified immunity defense, courts would struggle to curtail the substantial
> social costs associated with harassing litigation involving government officials, including the fear that
> personal monetary liability would "unduly inhibit officials in the discharge of their duties." *Anderson
> v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

*McFall*, 407 F.3d at 1086-87 (quoting *Harlow*, 457 U.S. at 807).

[19]The applicable standards of review on this bankruptcy appeal remain well settled:

> The district court functions as an appellate court and is authorized to affirm, reverse, modify
> or remand the Bankruptcy Court's ruling. Bankr. R. 8013.1 may set aside that court's findings of fact
> only if they are clearly erroneous. *In re Blehm Land & Cattle Co.*, 859 F.2d 137, 138 (10th Cir.1988).
> Conclusions of law are subject to *de novo* review. *Id.* Mixed questions of fact and law are reviewed
> *de novo* if they involve primarily legal issues and for clear error if they involve primarily factual
> considerations. *In re Wes Dor Inc.*, 996 F.2d 237, 241 (10th Cir. 1993). Legal conclusions drawn
> from facts are reviewed *de novo*. *In re Golf Course Builders Leasing, Inc.*, 768 F.2d 1167, 1169 (10th
> Cir. 1985).

*In re Thomas*, 387 B.R. 808, 812 (D. Colo. 2008); *accord In re Warren*, 512 F.3d 1241, 1248 (10th Cir. 2008); *Zions
First Nat'l Bank, N.A. v. Christiansen Brothers, Inc. (In re Davidson Lumber Sales)*, 66 F.3d 1560, 1563 (10th Cir.
1995); *In re D.E. Frey Group, Inc.*, 387 B.R. 799, 803 (D. Colo. 2008); *see also* 28 U.S.C. § 158(a); Fed. R. Bankr. P.
8013. "The burden of proof is on the party seeking to reverse a bankruptcy court's holding." *In re Johnson*, 236 B.R.
510, 518 (D.C. Cir. 1999). "That party must show that the court's holding was clearly erroneous as to its assessment of
the facts or erroneous in its interpretation of the law, and not simply that another conclusion could have been reached."
*Id.* "Moreover, the court may affirm if there are any grounds in the record to support the judgment, even if those grounds
were not relied upon by the courts below." *Bonneville Power Admin. v. Mirant Corp. (In re Mirant Corp.)*, 440 F.3d
238, 245 (5th Cir. 2006); *see Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1223 (9th Cir. 1999) (stating that appeals
court may affirm the bankruptcy judge "on any ground fairly supported by the record"); *Sampson v. Sampson (In re
Sampson)*, 997 F.2d 717, 721 (10th Cir. 1993); *In re Slack Horner Foundries Co.*, 971 F.2d 577, 579-80 (10th Cir.
1992); *In re Calder*, 907 F.2d 953, 956 n.4 (10th Cir. 1990) (per curiam).

qualified immunity analysis is whether [the] plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002) (citation omitted).[20] If, under the plaintiff's allegations, the defendants would have violated a constitutional right, "the next, sequential step is to ask whether the right was clearly established." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The qualified immunity doctrine shields public officials from actions for damages unless their conduct was unreasonable in light of clearly established law, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), and applies if "reasonable officials in the defendants' position at the relevant time could have believed, in light of what was in the decided case law, that their conduct would be lawful." *Good v. Dauphin County Social Servs. for Children & Youth*, 891 F.2d 1087, 1092 (3d Cir. 1989).[21]

---

[20]As the Court has explained:

This order of procedure is designed to "spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). Deciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public. See *County of Sacramento v. Lewis*, 523 U.S. 833, 840-842, n. 5, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).

*Wilson v. Layne*, 526 U.S. 603, 609 (1999).

[21]*Cf. Lawrence v. Reed*, 406 F.3d 1224, 1230 (10th Cir. 2005):

In the Tenth Circuit, we employ a three-step inquiry. *See Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1239-40, 1247, 1251 (10th Cir. 2003). First, we ask "whether the plaintiff's allegations, if true, establish a constitutional violation." *Id.* at 1239-40. If not, the suit is dismissed; if so, we move to the second step: "whether the law was clearly established at the time the alleged violations occurred." *Id.* at 1247. This step gives the official an opportunity to show that he "neither knew nor should have known of the relevant legal standard" because the law was not clearly established at the time he acted. *Harlow*, 457 U.S. at 819, 102 S.Ct. 2727. Where the law is not clearly established, courts do not require officials to anticipate its future developments, and qualified immunity is therefore appropriate.

If the law was clearly established, we reach the third step of the inquiry: whether, in spite of the fact that the law was clearly established, "extraordinary circumstances"--such as reliance on the advice of counsel or on a statute--"so 'prevented' [the official] from knowing that his actions were unconstitutional that he should not be imputed with knowledge of a clearly established right." *Roska*, 328 F.3d at 1251. This occurs only "rarely." *Id.*

-10-

Moreover, a defendant cannot be held individually liable on a § 1983 claim unless he or

she caused or personally participated in the alleged constitutional violation. *See Mitchell v.*

*Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Section 1983 does not create a general

*respondeat superior* liability for government officials. *See Polk County v. Dodson*, 454 U.S.

312, 325 (1981); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). "[T]he defendant's role

must be more than one of abstract authority over individuals who actually committed a

constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Supervisory liability will lie only "where an affirmative link exists between the constitutional

deprivation and either the supervisor's personal participation, his exercise of control or direction,

or his failure to supervise." *Id.* (internal quotation marks omitted).[22]

The debtors' Complaint alleged only one instance of conduct on the part of the Executive

Director that purportedly "depriv[ed] them of liberty and property without due process of law,"

namely that

> with intent to defraud, Defendant presented or offered [a transcript of judgment]
> to a public office (the Clerk and Recorder of Denver, Colorado) or a public
> employee with the knowledge or belief that it would be registered, filed, or
> recorded or become part of the records of that public office or public employee,
> all in violation of [Colo. Rev. Stat.] § 18-5-114. As the result of Defendant's
> unlawful conduct, a false and defamatory lien or liens were arbitrarily placed on
> Plaintiffs' property or right to property, . . . .

(Complaint, filed September 18, 2006 (dkt. no. 2), at 2-3 ¶ 3, in *M. Julia Hook, et al. v. M.*

---

[22]The debtors were not entitled to an award of damages against the CDR or its Executive Director in her *official* capacity. A suit against a state official in her official capacity seeking monetary damages for violations of § 1983 is barred by the Eleventh Amendment because such a suit is, in fact, a suit against the State. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *Trujillo v. Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006) ("A claim for retroactive monetary reimbursement asserted against state officials . . . in their official capacities constitutes a suit for monetary damages against the state" and is barred by sovereign immunity.). The Eleventh Amendment serves as a limitation on the federal courts' subject matter jurisdiction. *See Edelman v. Jordan*, 415 U.S. 651, 678 (1974).

-11-

*Michael Cooke*, Adversary No. 1:06-ap-01790 ABC (Bankr. D. Colo.).) The transcript of

judgment in question recited that judgment in the amount of $95,677.38 was taken against the

debtors on April 5, 2006 for unpaid Colorado state income taxes—a recital which the debtors

allege was "a material false statement." (*Id.*)

Paragraph 4 of the debtors' Complaint further alleged that they were "deprived of a full

and fair opportunity, or any opportunity, to litigate the amount or validity of the alleged debt of

$95,677.38 underlying the alleged Judgment for $95,677.38 taken by Defendant against Plaintiffs

on April 5, 2006;" nor did they receive notice of the issuance of the warrant for distraint or the

entry of a judgment against them in Colorado state district court.[23] But as the Bankruptcy Court

pointed out, the debtors "do not allege that *the Director* failed to give them notice of the

proposed deficiency and the right to request a hearing or that *the Director* failed to give them

notice of the final determination and the right to appeal, all as required by Colorado statutes," a

procedure which the Colorado Supreme Court has held "afforded the taxpayer constitutionally

sufficient due process." (Order Granting Motion to Dismiss, in Part, at 5 (emphasis added)

(citing *Liebhart v. Department of Revenue*, 123 Colo. 369, 373, 229 P.2d 655 (1951)).[24]) The

debtors' § 1983 claim thus turned upon the allegation that the Executive Director recorded the

---

[23]Colo. Rev. Stat. § 39-21-114(3) reads in part:

The agent of the exeeutive director of the department of revenue to whom a warrant has been issued
may file with thc clerk of any district court within this state a copy of said warrant, and thereupon the
clerk shall enter in the judgment docket, in appropriate columns, the name of the taxpayer mentioned
in the warrant, the amount of the tax, or a portion thereof, together with interest and penalties for
which the warrant is issued, and the date upon which such copy is filed and shall issue and deliver a
transcript of such judgment to the agent without cost. Said transcript so issued and delivered may be
filed with the clerk and recorder of any county, and, from the time of sueh filing, such judgment shall
become a lien upon all the real property of the judgment debtor in sueh county owned by him at the
time or which he may afterwards acquire until said lien expires.

[24]Complaints under § 1983 against State officers in their individual capacity must be pleaded with "factual
detail and particularity." *Schultea v. Wood*, 47 F.3d 1427, 1429-30 (5th Cir. 1995).

-12-

purportedly false transcript of judgment, creating defamatory liens upon the debtors' property.[25]

As summarized by the Bankruptcy Court, the Colorado statutory income tax collection

procedure provides that

> in the event the Director determines that income tax has been underpaid, a notice of deficiency is mailed to the taxpayer by first-class mail. [Colo. Rev. Stat. § 39-21-103(1).] If the taxpayer disputes the proposed tax deficiency, the taxpayer may request a hearing on the amount of taxes owed. [Colo. Rev. Stat. § 39-21-103(2).] The Director, or her designee, is to conduct the hearing, and is authorized to administer oaths and take testimony. The taxpayer may present such evidence, argument, briefs, or affidavits as may be "pertinent." [Colo. Rev. Stat. § 39-21-103(6).] The Director is given the authority to make a final determination of the tax liability after such a hearing. [Colo. Rev. Stat. § 39-21-103(8).] A notice of the Director's final determination is then mailed to the taxpayer by first-class mail. *Id.* The taxpayer may appeal the Director's final determination to a state district court pursuant to [Colo. Rev. Stat. § 39-21-105]. In the absence of a timely appeal of the final determination, the Director may issue a warrant for distraint directing the Director's agents to take various actions to collect the taxes due. [Colo. Rev. Stat. § 39-21-114(1)(a).] One action permitted by the statute is the presentation of a warrant for distraint to the clerk of any district court, upon which a transcript of judgment may be issued. [Colo. Rev. Stat. § 39-21-114(3).] The transcript of judgment may be recorded in the real property records, thereby creating a lien upon the taxpayer's real property. [Colo. Rev. Stat. § 39-21-114(3).]

---

[25]In this circuit, "'defamation, standing alone, [is] not sufficient to establish a claim for deprivation of a liberty interest.'" *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1153 (10th Cir. 2001) (quoting *Renaud v. Wyo. Dep't of Family Servs.*, 203 F.3d 723, 726-27 (10th Cir. 2000)). The Supreme Court has rejected the assertion of reputation as a discrete interest protected by the Due Process Clause of the Fourteenth Amendment. Reputation alone—apart from some more tangible interests such as employment—does not implicate any "liberty" or "property" interests sufficient to invoke the procedural protection of the Due Process Clause; hence, to establish a claim under § 1983 and the Fourteenth Amendment, more must be involved than simply defamation by a state official. *Paul v. Davis*, 424 U.S. 693, 701-712 (1976).

> [A plaintiff's] interest in reputation is simply one of a number which the State may protect against injury by virtue of its tort law, providing a forum for vindication of those interests by means of damages actions. And any harm or injury to that interest, even where, as here, inflicted by an officer of the State, does not result in a deprivation of any "liberty" or "property" recognized by state or federal law, nor has it worked any change of respondent's status as theretofore recognized under the State's laws. For these reasons, we hold that the interest in reputation asserted in this case is neither "liberty" nor "property" guaranteed against state deprivation without due process of law.

*Id.* at 712. To say that a tax lien was "defamatory" does not allege the invasion of a constitutionally protected interest under the Due Process Clause.

-13-

(Order Granting Motion to Dismiss, in Part, filed October 17, 2007 (dkt. no. 49), at 3, in *M. Julia Hook, et al. v. M. Michael Cooke*, Adversary No. 1:06-ap-01790 ABC (Bankr. D. Colo.).) Under this statutory scheme, "a transcript of judgment may be issued upon presentation of a warrant for distraint to the clerk of a district court *without* a judgment having been obtained," and the transcript of judgment may then be recorded to create a judgment lien "without any prior notice of the warrant or service of the warrant for distraint upon the taxpayer." (*Id.* at 4 (emphasis in original).) Given this procedural mechanism, the Executive Director's alleged conduct in recording the transcript of judgment against the debtors' property appeared to be in compliance with the Colorado statute.[26]

The Bankruptcy Court ruled that the Complaint failed to satisfy the threshold inquiry of qualified immunity analysis because it did not plead specific facts that if taken as true, would suffice to state a claim that the Executive Director had violated the debtors' federal constitutional rights under the Due Process Clause. This court concludes that the Bankruptcy Court did not err

---

[26]In the Bankruptcy Court's view, the law was "well settled that the actions that Plaintiffs allege the Director took in this case to obtain a lien upon their real property do not violate their constitutional rights." (Order Granting Motion to Dismiss, in Part, filed October 17, 2007 (dkt. no. 49), at 5, in *M. Julia Hook, et al. v. M. Michael Cooke*, Adversary No. 1:06-ap-01790 ABC (Bankr. D. Colo.).)

Even if the Executive Director's conduct alleged in Paragraph 3 of the Complaint did not conform to Colorado's statutory requirements, the Supreme Court has held that State officials do not forfeit their qualified immunity from suit under § 1983 for violation of a federal constitutional right because they failed to comply with a clear state statute. *See Davis v. Scherer*, 468 U.S. 183, 195 (1984); *see also D.R. by L.R. v. Middle Bucks Area Vocat'l Tech. School*, 972 F.2d 1364, 1375-76 (3d Cir. 1992) (en banc) ("[I]llegality under the state statute can neither add to nor subtract from the constitutional validity of a state's actions.") (internal quotations and citation omitted). To overcome qualified immunity, the debtors' "clearly established right" must be the *federal* right on which their claim for relief is based, and a "state statute cannot 'clearly establish' the federal right for qualified immunity purposes." *Doe v. Delie*, 257 F.3d 309, 319 (3d Cir. 2001).

A federal right is clearly established only if there is "a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts [has] found the law to be as the plaintiff maintains." *Albright v. Rodriguez*, 51 F.3d 1531, 1535 (10th Cir. 1995) (internal quotations omitted).

-14-

in doing so,[27] given the requirement that in order to survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief, and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965).[28]

### Denial of Preliminary Injunctive Relief

Nor did the Bankruptcy Court abuse its discretion in denying the debtors' prayer for "an order releasing or lifting the false and defamatory lien or liens arbitrarily placed on Plaintiffs' property," their request for preliminary injunctive relief against alleged post-petition tax collection activity by the CDR,[29] or for "an order declaring null and void *ab initio* the alleged

---

[27]The bankruptcy court dismissed the debtors' § 1983 claims pursuant to Federal Rule of Bankruptcy Procedure 7012(b), which incorporates Federal Rule of Civil Procedure 12(b)(6); therefore, this court's review of the dismissal order is *de novo*. *See United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 713 (10th Cir. 2006) (stating that dismissals under Rule 12(b)(6) are reviewed *de novo*); *Diamond v. Premier Capital, Inc. (In re Diamond)*, 346 F.3d 224, 226 (1st Cir. 2003) (reviewing *de novo* dismissal of adversary proceeding for failure to state a claim). The court construes *pro se* litigants' pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers, but will not make legal arguments or perform legal research for them. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005).

[28]The "lack of a constitutional violation makes it unnecessary to further address qualified immunity." *Jicarilla Apache Nation v. Rio Arriba County*, 440 F.3d 1202, 1214 (10th Cir. 2006) (citing *Butler v. Rio Rancho Pub. Sch. Bd. of Educ.*, 341 F.3d 1197, 1200 (10th Cir. 2003)).

[29]As the court of appeals recently explained:

"To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harms that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007). "[B]ecause a preliminary injunction is an extraordinary remedy, the [movant's] right to relief must be clear and unequivocal." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (internal quotation

(continued...)

Judgment for $95,677.38 taken by Defendant against Plaintiffs on April 5, 2006."[30]  Such relief

would either have run afoul of the *Rooker-Feldman* doctrine by requiring the Bankruptcy Court

to examine the validity of a final state court judgment, or would have been redundant of the post-

petition relief already afforded the debtors by the automatic stay under 11 U.S.C. § 362(a)—at

least until their underlying Chapter 11 case was dismissed on September 11, 2007.[31]  Thereafter,

the Bankruptcy Court lacked a proper footing to grant preliminary injunctive relief against the

CDR, either removing its existing liens under Colorado law or staying further collection activity

based upon the pre-petition warrant for distraint issued by the Executive Director.

### Stay of Discovery Pending Immunity Determination

Where the defendant had raised claims of official immunity by motion to dismiss, the

Bankruptcy Court did not abuse its discretion in granting a protective order denying the debtors

the opportunity to conduct further pretrial discovery until after the immunity claims were

decided.[32]  As the court of appeals recently explained:

---

[29](...continued)
marks omitted).

*Wilderness Workshop v. U.S. Bureau of Land Management*, 531 F.3d 1220, 1224 (10th Cir. 2008).  The Bankruptcy Court concluded that the debtors had failed to demonstrate a substantial likelihood of success on the merits or the threat of irreparable injury.

[30]This court reviews the Bankruptcy Court's denial of the debtors' motion for preliminary injunction for abuse of discretion.  *See Utah Licensed Beverage Ass'n v. Leavitt*, 256 F.3d 1061, 1065 (10th Cir. 2001).  "An abuse of discretion occurs only when the trial court bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling."  *Id.* (internal quotation marks omitted).

[31]In fact, the Bankruptcy Court denied the debtors' supplemental motion for a preliminary injunction because by the time it was filed, their Chapter 11 case had already been dismissed and the automatic stay was no longer in effect.  (*See* Order Denying Plaintiffs' Motion and Supplemental Motion for Preliminary Injunction, etc., filed October 9, 2007 (dkt. no. 46), in *M. Julia Hook, et al. v. M. Michael Cooke*, Adversary No. 1:06-ap-01790 ABC (Bankr. D. Colo.).)

[32]"Under the abuse of discretion standard: 'a [bankruptcy] court's decision will not be disturbed unless the [district] court has a definite and firm conviction that the [bankruptcy] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'" *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994) (quoting

(continued...)

Qualified immunity exists "to protect public officials from the 'broad-ranging discovery' that can be 'peculiarly disruptive of effective government.'" *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 817, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). Defendants are permitted to appeal from the denial of a motion to dismiss on qualified immunity grounds precisely to spare them the ordeal of discovery if the complaint fails to allege a constitutional violation or if the alleged violation was not clearly established. *Behrens v. Pelletier*, 516 U.S. 299, 306, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996).

*Robbins v. Oklahoma*, 519 F.3d 1242, 1248-49 (10th Cir. 2008). In "determining whether qualified immunity ought to be imposed at this earliest possible stage or whether the complaint is sufficiently plausible that it merits imposition of the burdens of discovery on state actors," *id.* at 1249, the Bankruptcy Court did not abuse its discretion in this case.[33]

### Debtors' Request for a § 505(a) Tax Liability Determination

Having dismissed the debtors' § 1983 claim, the Bankruptcy Court deferred consideration of the dismissal of the debtors' request for a determination of their state income tax liability under 11 U.S.C. § 505(a)—consolidated into this adversary proceeding as part of the debtors' objection to the CDR's proof of claim—until their motion to reconsider the dismissal of the underlying Chapter 11 case was decided. That motion was subsequently denied, and the Bankruptcy Court then dismissed the debtors' § 505(a) claim as dependent upon the Chapter 11 case for its existence.

"An adversary proceeding is a subpart of a bankruptcy case," *In re Mersmann*, 505 F.3d

---

[32](...continued)
*McEwen v. City of Norman*, 926 F.2d 1539, 1553-54 (10th Cir.1991)).

[33]Affirming the dismissal of the debtors' § 1983 claims at the pleadings stage obviates the need to address the debtors' appeal from the Bankruptcy Court's Order Striking Plaintiffs' Jury Demands, filed January 29, 2007 (dkt. no. 29), in *M. Julia Hook, et al. v. M. Michael Cooke*, Adversary No. 1:06-ap-01790 ABC (Bankr. D. Colo.). Absent a plausible claim raising a triable issue of fact, a jury demand is moot.

1033, 1043 (10th Cir. 2007) (en banc), a litigated matter that is "'pursued within the broader framework cast by the petition.'" *In re Baines*, 528 F.3d 806, 810 (10th Cir. 2008) (quoting *Adelman v. Fourth Nat'l Bank & Trust Co. (In re Durability, Inc.)*, 893 F.2d 264, 266 (10th Cir. 1990); *accord Cascade Energy & Metals Corp. v. Banks (In re Cascade Energy & Metals Corp.)*, 956 F.2d 935, 938-39 (10th Cir. 1992). It is "a particular dispute or matter arising within a pending case, as opposed to the case as a whole." 5 Fed. Proc. L. Ed. *Bankruptcy* § 9:44, at 140 (2004) (footnote omitted). In this instance, the adversary proceeding arose out of the Chapter 11 case itself, with the debtors seeking a Bankruptcy Court determination of the amount and legality of their respective Colorado state income tax liabilities for the years in question pursuant to 11 U.S.C. § 505(a)(1).

Does an adversary proceeding arising under Chapter 11 have life after the death of the bankruptcy case? The answer is no, particularly where the adversary proceeding depends upon the pending Chapter 11 proceeding for its very existence. *See Pauley v. Bank One Colorado Corp.*, 205 B.R. 272, 275 (D. Colo. 1997); *Armstrong v. Bailey*, 101 Fed. Appx. 778, 779 (10th Cir. 2004) ("When the district court rightly concluded that this adversary proceeding depended on the bankruptcy case for its existence, it was required to dismiss the adversary proceeding.")

The Bankruptcy Court's October 30, 2007 Order Dismissing Remaining Claims acknowledged that "[i]n the absence of an underlying bankruptcy case," there remained "no justification for retaining jurisdiction over Plaintiffs' claim under 11 U.S.C. § 505(a). . . . The policy reasons to allow this court to determine the Plaintiffs' state tax liability have disappeared with the dismissal of their Chapter 11 case." (Order Dismissing Remaining Claims, filed October 30, 2007 (dkt. no. 55), in in *M. Julia Hook, et al. v. M. Michael Cooke*, Adversary No.

1:06-ap-01790 ABC (Bankr. D. Colo.) (citing *Pauley v. Bank One Colorado Corp.*, 205 B.R. 272, 274 (D. Colo. 1997)).)

In dismissing the debtors' § 505(a) request, the Bankruptcy Court simply did what the law requires under these circumstances.

### Debtors' Motion for Recusal

On August 7, 2007, Judge Campbell of the Bankruptcy Court entered a *sua sponte* order of recusal as the assigned judge in the debtors' Chapter 11 case, reciting that "there exists grounds on which he must disqualify himself," and that it "would be improper for him now to hear this case," without specifying what those grounds were.[34] On October 1, 2007, the debtors filed a motion requesting that Judge Campbell recuse himself from this proceeding pursuant to 28 U.S.C. § 455, on the grounds that he had entered an order staying discovery until the pending motion to dismiss was decided and that he had already recused himself from the Chapter 11 case and another related adversary proceeding (Adversary No. 06-01799-ABC).[35] Judge Campbell denied that motion, stating that the debtors' claim that they "'are being deprived of their right to litigate their claims against Defendants'" by the order staying discovery "is without merit."[36]

Under 28 U.S.C. § 455(a), a judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." Recusal is "'appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's

---

[34](*See* Order of Recusal, filed August 7, 2007 (dkt. no. 190), in *David Smith v. Colorado Dept. of Revenue, et al. (In re M. Julia Hook, et al.)*, Case No. 06-bk-15511 SBB (Bankr. D. Colo.).)

[35](*See* Motion to Disqualify United States Bankruptcy Judge Bruce A. [sic] Campbell, filed October 1, 2007 (dkt. no. 41), in *M. Julia Hook, et al. v. M. Michael Cooke*, Adversary No. 1:06-ap-01790 ABC (Bankr. D. Colo.).)

[36](Order Denying Plaintiffs' Motion to Disqualify, filed October 5, 2007 (dkt. no. 43), in *M. Julia Hook, et al. v. M. Michael Cooke*, Adversary No. 1:06-ap-01790 ABC (Bankr. D. Colo.).)

impartiality.'" *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006) (quoting *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004)). There must be a reasonable factual basis to question the judge's impartiality. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). The scope of the recusal inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *Id.* "Section 455 does not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record." *In re McCarthey*, 368 F.3d 1266, 1269-70 (10th Cir. 2004) (citing *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995), and *Bryce v. Episcopal Church*, 289 F.3d 648, 659-60 (10th Cir. 2002). This court reviews the denial of a motion to recuse for an abuse of discretion. *See United States v. Smith*, 997 F.2d 674, 681 (10th Cir.1993); *In re Walker*, 532 F.3d 1304, 1308 (11th Cir. 2008); *In re Focus Media, Inc.*, 378 F.3d 916, 922 (9th Cir. 2004).[37]

Though it is not discernable on the record before this court what the specific reason for Judge Campbell's *sua sponte* recusal from the other proceedings may have been, it is likewise unclear that the same reason also obtained in this proceeding, justifying recusal here as well. Section 455 entrusted that determination to Judge Campbell in the first instance,[38] and the debtors have not presented any information suggesting that he abused his discretion in making that *sua sponte* determination in this case.

The sole substantive ground for recusal asserted by the debtors, namely the entry of the

---

[37]"Abuse of discretion" is defined in this circuit as "'an arbitrary, capricious, whimsical, or manifestly unreasonable judgment.'" *In re Rambo*, 209 B.R. 527, 530 (B.A.P. 10th Cir. 1997) (quoting *FDIC v. Oldenburg*, 34 F.3d 1529, 1555 (10th Cir.1994) (quoting *United States v. Hernandez-Herrera*, 952 F.2d 342, 343 (10th Cir. 1991) (further quotation omitted))).

[38]The statute places a judge under a self-enforcing obligation to recuse himself where the proper legal grounds exist. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 867-68 (1988).

order staying discovery until the dismissal motion was decided, does not suffice as a basis warranting recusal under § 455 in this proceeding,[39] and Judge Campbell did not abuse his discretion in denying the debtors' motion for recusal.

## CONCLUSION

The Bankruptcy Court did not err in concluding that the debtors' claim against the Executive Director of the Colorado Department of Revenue in her individual capacity under 42 U.S.C. § 1983 failed to surpass the bar of qualified immunity because the debtors failed to allege conduct on her part that amounted to a violation of their federal constitutional rights. Nor did the Bankruptcy Court abuse its discretion in staying further discovery in this proceeding until the defendants' motion to dismiss was decided, or in denying preliminary injunctive relief beyond the protection already afforded the debtors by the Bankruptcy Code, particularly the § 362 automatic stay, during the pendency of their Chapter 11 proceeding. The debtors' § 1983 damages claims against the Executive Director in her official capacity and the Colorado Department of Revenue itself were barred by the Eleventh Amendment, and the Bankruptcy Court's dismissal of those claims may be affirmed on that jurisdictional ground.

The Bankruptcy Court does not sit in review of final judgments of the Colorado state district court, and has no authority under § 1983 to declare a judgment of that court "null and void *ab initio*" as the debtors had requested. The Bankruptcy Court may determine the state tax liability of the debtors pursuant to and subject to the limitations of 11 U.S.C. § 505 in an adversary proceeding, but its jurisdiction to do so lapses upon the dismissal of the underlying

---

[39]Unfavorable judicial rulings do not in themselves call into question the impartiality of a judge. *See Estate of Bishop v. Equinox Int'l Corp.*, 256 F.3d 1050, 1058 (10th Cir. 2002).

-21-

Chapter 11 case from which the adversary proceeding has arisen. Thus the Bankruptcy Court did not err in dismissing the debtors' § 505(a) request following the dismissal of their underlying Chapter 11 proceeding.

Finally, the debtors failed to carry their burden to demonstrate that Judge Campbell of the Bankruptcy Court abused his discretion in denying their motion to recuse him from this proceeding.

For the reasons explained above,

**IT IS ORDERED** that the Bankruptcy Court's Order Granting Motion to Dismiss, in Part, filed October 17, 2007 (dkt. no. 49) in *M. Julia Hook, et al. v. M. Michael Cooke*, Adversary No. 1:06-ap-01790 ABC (Bankr. D. Colo.), is hereby AFFIRMED;

**IT I S FURTHER ORDERED** that the Bankruptcy Court's Order Dismissing Remaining Claims, filed October 30, 2007 (dkt. no. 55), in *M. Julia Hook, et al. v. M. Michael Cooke*, Adversary No. 1:06-ap-01790 ABC (Bankr. D. Colo.), is hereby AFFIRMED;

**IT IS FURTHER ORDERED** that the Bankruptcy Court's Order Granting Defendants' Motion for Protective Order, etc., filed March 30, 2007 (dkt. no. 38); its Order Denying Plaintiffs' Motion to Disqualify, filed October 5, 2007 (dkt. no. 43); and its Order Denying Plaintiffs' Motion and Supplemental Motion for Preliminary Injunction, etc., filed October 9, 2007 (dkt. no. 46), in *M. Julia Hook, et al. v. M. Michael Cooke*, Adversary No. 1:06-ap-01790 ABC (Bankr. D. Colo.), are each hereby AFFIRMED; and

**IT IS FURTHER ORDERED** that the debtors' appeal from the Bankruptcy Court's Order Striking Plaintiffs' Jury Demands, filed January 29, 2007 (dkt. no. 29), in *M. Julia Hook, et al. v. M. Michael Cooke*, Adversary No. 1:06-ap-01790 ABC (Bankr. D. Colo.), is hereby

DISMISSED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED this **29** day of September, 2008.

BY THE COURT:

Bruce S. Jenkins
United States Senior District Judge